People v Vanderhorst
2026 NY Slip Op 03402
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Jermaine Vanderhorst, Defendant-Appellant.

Decided and Entered: June 02, 2026
Ind No. 70961/23|Appeal No. 6759|Case No. 2024-06970|
Before: Moulton, J.P., Kapnick, GonzáLez, Shulman, Chan, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jamie Masten of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Stephen M. Antignani, J.), rendered November 28, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him to a jail term of 364 days, unanimously affirmed.
Defendant's claim that the court improvidently exercised its discretion in finding, under CPL 722.23(1)(d), that extraordinary circumstances existed and that the case should not be removed to Family Court survives his valid waiver of the right to appeal (see People v Aaron VV., 246 AD3d 131, 133-134 [3d Dept 2025]). Indeed, because CPL 722.10 specifies that the Youth Part has "exclusive jurisdiction in all proceedings in relation to juvenile offenders and adolescent offenders, except as provided" in CPL articles 722 or 725 (CPL 722.10[1]), a removal motion made by the People under CPL 722.23 presents a jurisdictional issue that cannot be waived by defendant (see People v Shanks, 37 NY3d 244, 252 [2021]). To the extent other sister departments have reached a contrary conclusion (see e.g. People v Ogden, 244 AD3d 1774, 1775 [4th Dept 2025]), we decline to follow their reasoning.
Nevertheless, the court providently exercised its discretion in finding that extraordinary circumstances existed that warranted the Youth Part of Supreme Court retaining this case. The court properly considered both aggravating and mitigating circumstances — including, in particular, defendant's lengthy criminal record and the minimal impact that supervision had on his performance — and appropriately concluded that extraordinary circumstances existed to prevent the removal of defendant's case to Family Court (see People v Guerrero, — NY3d —, 2026 NY Slip Op 00826, *2-4 [2026]; People v Messina, 241 AD3d 1095, 1096 [1st Dept 2025], lv denied 45 NY3d 938 [2026]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026